**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN T. SIGILLITO | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| | ) | Case No.: 4:10-mc-461 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MARTIN T. SIGILLITO'S MOTION FOR CLARIFICATION OF COURT'S ORDER OF AUGUST 30, 2010, GRANTING THE GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO FILE ITS RESPONSE TO MOVANT'S RULE 41(g) MOTION FOR RETURN OF SEIZED PROPERTY**

NOW COMES Movant Martin T. Sigillito, by and through his attorneys, Helfrey, Neiers & Jones, P.C., David B.B. Helfrey and Douglas P. Roller, and requests this Court to clarify its Order of August 30, 2010, granting the government's Motion for an Extension of Time to File its Response to Movant's Rule 41(g) Motion for Return of Seized Property, and in support thereof, states as follows.

1. The Court, on the same day that the government's motion was filed, granted the Government's request for an extension of time to respond to Movant's Motion for Return of Seized Property Pursuant to Rule 41(g).

2. Mr. Sigillito does not object, *per se*, to the government's request for an extension of time to respond to Movant's Motion for Return of Seized Property. Movant recognizes that Mr. Sigillito's legal support for his request to return seized property includes extensive statutory and case law citations, which may take the government some time to attempt to overcome.

However, Movant points out that the search of Mr. Sigillito's law office took place over three months ago and the July 1 and 2, 2010 searches occurred two months ago. Given the dialogue between AUSA Holtshouser and Mr. Helfrey, the motion filed by Mr. Sigillito could hardly have come as a surprise to the government. Given the history of the government's conduct in this case, Mr. Sigillito questions whether the government has an ulterior motive for requesting an extension, such as using the time to return an indictment. Nevertheless, given the fact that Mr. Sigillito requests suppression of all the warrants in this case on multiple grounds and the issues involve constitutional principles, the government's request is not contested.

3. However, the government's motion and the Court's order do not deal with all the requests for relief raised in Mr. Sigillito's pleading. The preamble to Mr. Sigillito's pleading, which, according to the Rules and practice of the Eastern District of Missouri, was filed as a new *miscellaneous case*, makes clear that Movant was not only seeking the return of seized property pursuant to Rule 41(g), but also sought additional relief.

4. Section IV of Mr. Sigillito's Pleading set forth the request for return of seized property predicated on the facts and law set forth in the preceding sections of the Pleading. Following Section IV's Motion for Return of Seized Property, Mr. Sigillito, in Section V of the pleading, requested a prompt post-deprivation hearing.

5. As discussed in Section V, the Fifth and Sixth Amendments to the United States Constitution require a ***prompt*** post-deprivation hearing when the district court has found that the government has seized, through civil forfeiture, all of the assets a criminal defendant needs to obtain counsel. *United States v. Michelle's Lounge*, 39 F.3d 684, 700-701 (7th Cir. 1994). The scope of this hearing was described in *United States v. Monsanto*, 924 F.2d 1186, 1203 (2nd Cir. 1991) (*Monsanto IV*) in pertinent part as follows:

> We conclude that (1) the fifth and sixth amendments, considered in combination, require an adversary, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture, and (b) the properties specified as forfeitable in the indictment are properly forfeitable, to continue a restraint of assets (i) needed to retain counsel of choice and (ii) ordered ex parte . . . . ; (2). . . . the court may receive and consider at such a hearing evidence and information that would be inadmissible under the Federal Rules of Evidence.

In the present case, Mr. Sigillito has clearly demonstrated that the government has seized all assets with which Mr. Sigillito could hire counsel for the criminal case. See Ex. 34 to Motion.

6. The government did not request an extension of time to either prepare for or respond to the requested post-deprivation hearing, undoubtedly recognizing that the law in this area is clear and succinct. The legal principles involved are set forth in two pages of Movant's pleading. Mov. Pl. at 65-66. The government has already submitted affidavits which had to have alleged probable cause both that Mr. Sigillito committed the underlying crime and that the targeted assets are subject to forfeiture in order to obtain the search warrants and the seizure warrants. As a result, very little, if any, preparation is needed by the government prior to the post-deprivation hearing. Thus, no undue hardship will be visited upon the government by ordering a prompt post-deprivation hearing.

7. Furthermore, Mr. Sigillito is entitled to an ***immediate***, post-restraint adversary hearing. *United States v. Moya-Gomez*, 860 F.2d 706, 731 (7th Cir. 1988). *See also, United States v. Monsanto*, 924 F.2d 1186, 1195 (2nd Cir. 1991) ("It [opportunity to be heard] is an opportunity which must be granted at a ***meaningful time*** and in a meaningful manner.") [emphasis added].

8. Mr. Sigillito is prepared to have this hearing at the Court's earliest convenience. In regards to the timing of this request, the Court should note that counsel for Mr. Sigillito had to

undertake a thorough investigation of the underlying facts regarding the alleged illegal conduct described by the U.S. Attorney's office. Thereafter, counsel had to determine from a factual and legal inquiry whether any of the assets seized by the government were not subject to forfeiture. Once having determined that many, if not all, of the assets are not forfeitable, counsel prepared the Movant's Pleading. Obviously, this was no small task given the issues raised by the government's conduct and the multiplicity of defects in the warrants. The issue is now ripe for a hearing and Mr. Sigillito has requested a prompt post-deprivation hearing. Movant respectfully submits that the above-cited case law requires that this hearing be held at the Court's first opportunity.

9. In its motion for an extension of time, the government admits that "*some months ago*" counsel requested the government to release certain property for attorney's fees. Govt. Mot. at 2, ¶ 4. The government does not explain why an additional request, after the first refusal, should have been made. Reference is also made by the government to no request for return of property having been made through the FBI administrative forfeiture proceedings. To begin with, the amended notices of forfeiture regarding the law office search on May 24, 2010, were received on August 6, 2010. The notices of forfeiture in regards to the July 1 and 2, 2010 searches were not received until August 30, 2010 – three days ago. Thus, the government's argument that Mr. Sigillitio has not availed himself of the "remedies" available in administrative forfeiture proceedings is disingenuous at best. Furthermore, as pointed out in Mr. Sigillito's pleading, administrative forfeiture is not authorized under the present circumstances because the value of the property seized is in excess of $500,000. 19 U.S.C. 1610. Mov. Pl. at 61.

10. One of the reasons cited by the government as to the need for additional time is that AUSA Holtshouser, "one of the attorneys assigned to this matter by the Department of

Justice," will be out of the office at a CLE conference until September 7, 2010. This assertion raises an important issue. One of the attorneys signing the government's motion is Jess E. Michaelsen who identifies his position as "Special Attorney to the United States Attorney General." Mr. Michaelsen was (is?) also an Assistant U.S. Attorney for the Western District of Missouri. The United States Attorney's Manuel at §3-2.300 provides in pertinent part as follows:

> In instances where ***an entire United States Attorney's Office recuses itself***, the Attorney General may, pursuant to 28 U.S.C. Sec. 515, appoint any officer of the Department of Justice, or any attorney specially appointed under law, to conduct any kind of legal proceeding which United States Attorneys are authorized by law to conduct, whether or not such appointee is a resident of the district in which the proceeding is brought. Said appointee specially retained under authority of the Department of Justice is appointed as a Special Assistant or a ***Special Attorney to the Attorney General*** and reports directly to the Attorney General or delegee. Such appointments are executed by the Executive Office for United States Attorneys. [emphasis added].

11. Although counsel for Mr. Sigillito has never been formally advised of the recusal of the United States Attorney's Office for the Eastern District of Missouri, this is apparently the case, according to a number of people including Mr. Michaelson. According to the U.S. Attorneys' Manual, Mr. Michaelsen would not have been appointed a Special Attorney unless the entire Eastern District U.S. Attorney's Office had been recused.

12. That being the case, the question naturally arises, why is AUSA Holtshouser involved in the case? Why is he different than every other Assistant U.S. Attorney in that office? Counsel for Mr. Sigillito has been informed by his client that Mary O'Sullivan, the secretary of the Racquet Club of St. Louis and a lender to the U.K. project, is related to a supervisory attorney in the Eastern District of Missouri U.S. Attorney's Office. If the connection with Ms. O'Sullivan is the reason for the recusal of the entire office, why is AUSA Holtshouser still assigned to the case? His continued involvement in this case, in light of the above, is troubling

particularly since the only lender mentioned by name in any of Mr. Holtshouser's communications to Mr. Sigillito's counsel is ***Mary O'Sullivan***. Movant respectfully requests that the government either admit or deny that the basis of the entire office's recusal pertains to a relationship between Mary O'Sullivan and a supervisor in the U.S. Attorney's Office. If the government admits these assertions, then, the government should be required to disclose why AUSA Holtshouser should not also be recused.

13. In addition to Movant's request for a prompt post-deprivation hearing, Mr. Sigillito sought other relief in his pleading. The specific request germane at the present time is the production of probable cause affidavits. Mov. Pl. at 72-73. Movant has requested that the government produce the affidavits submitted by FBI Special Agent Cosentino in support of the search warrants and the seizure warrants in this case. Since probable cause that Mr. Sigillito committed the crime in question and probable cause that the items seized are subject to forfeiture are at issue in a post-deprivation hearing as well as a motion to suppress, Mr. Sigillito would be at a severe disadvantage at either hearing without access to the affidavits. Indeed, if a motion to suppress is raised subsequent to an indictment, the government would be required to furnish the defendant with the probable cause affidavits. Thus, no harm will be suffered by the government if the affidavits are ordered to be provided to Mr. Sigillito. Given the multiple defects in the warrants themselves, the interests of justice clearly require that the affidavits be disclosed to Movant prior to any hearing.

WHEREFORE, for the foregoing reasons, Movant Martin Sigillito respectfully requests that the Court clarify its August 30, 2010 Order by setting a post-deprivation hearing at the Court's earliest convenience; ordering the government to immediately produce the affidavits submitted in support of the search and the seizure warrants issued in this case, and; ordering the

government to disclose why AUSA Holtshouser should not be recused along with all other personnel of the United States Attorney's Office for the Eastern District of Missouri.

Respectfully submitted,

/s/ Douglas P. Roller

Douglas P. Roller, #91287
David B. B. Helfrey, #3367
Helfrey, Neiers & Jones, P.C.
120 South Central Avenue
Suite 1500
St. Louis, MO 63105
Telephone: (314) 725-9100
Facsimile: (314) 725-5754

***Attorneys for Movant Martin Sigillito***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Beth Phillips, U.S. Attorney
Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th St., Fifth Floor
Kansas City, MO 64106

Steven Holthouser, Assistant U.S. Attorney
Eastern District of Missouri
111 S. 10th St., Rm. 20.333
St. Louis, MO 63102

Jess E. Michaelsen
Special Attorney to the
United States Attorney General
Charles Evans Whittaker Courthouse
400 East 9th St., Fifth Floor
Kansas City, MO 64106