UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN T. SIGILLITO ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | Case No.: 4:10-mc-00461 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MOVANT'S RESPONSE TO GOVERNMENT'S
"NOTICE" OF FILING CIVIL FORFEITURE ACTION**

NOW COMES Movant Martin T. Sigillito, by and through his attorneys, Helfrey, Neiers & Jones, P.C., David B.B. Helfrey and Douglas P. Roller, and presents its response to the Government's Notice of Filing Civil Forfeiture Action as follows.

Rather than filing a motion with a request to dismiss the pending action, thus providing Movant an opportunity to respond, the Government merely files its "Notice" containing the assertion that "there is no need for the Court to consider such an issue [return of seized property]." Not only does the government again seek to undermine Mr. Sigillito's position without a fair hearing, the government now presumes to tell the Court what it must do. The problem is that the government, once again, is wrong-which is the reason that no case authority is provided the Court in the government's "Notice."

As noted, the government has cited no authority to support its position that CAFRA replaced a claimant's 5th & 6th Amendment constitutional right to due process and assistance of

counsel. *See United States v. Monsanto*, 924 F.2d 1186, 1203 (2nd ICr. 1991) (*Monsanto IV*); *United States v. Michelle's Lounge*, 39 F.3d 684, 700-701 (7th Cir. 1994).

Post-CAFRA authority, recognizing the continued viability of a post-deprivation hearing, is contrary to the government's position. The court in *United States v. Melrose East Subdivision*, 357 F.3d 493 (5th Cir. 2004) addressed this very issue. In fact, the present case is even more compelling because a civil forfeiture action had been filed in *Melrose*, while no such proceeding exists in this case. In <u>Melrose</u>, the court noted:

> Congress enacted CAFRA in 2000 in order to "provide a more just and uniform procedure for Federal civil forfeitures." Pub. L. No. 106-185 pmbl., 114 Stat. 202, 202. CAFRA added 18 U.S.C. § 983, which sets forth a uniform (though not comprehensive) set of procedures and standards applicable to most civil forfeiture proceedings. Among other changes, CAFRA increased the government's required showing on the merits: "In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property ... the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). CAFRA also added § 983(j), which authorizes pretrial restraining orders and other measures to preserve property pending resolution of the case. The particular provision at issue in this appeal is § 983(j)(1)(A), which concerns post-complaint restraining orders.

357 F.3d at 502.

The court went on to discuss the continued viability of a post-deprivation hearing after the passage of CAFRA:

> The government recognizes, however, that considerations of due process can require the court to hold a post-restraint pretrial hearing in certain circumstances. Although there does not seem to be a reported holding to this effect regarding the still fairly new provision at issue here, 18 U.S.C. § 983(j), authorities interpreting its criminal analogue, 21 U.S.C. § 853(e), are in broad agreement that due process requires the district court to hold a prompt hearing at which the property owner can contest the restraining order-without waiting until trial to do so-at least when the restrained assets are needed to pay for an attorney to defend him on associated criminal charges. Other courts have held that due process requires that a claimant to assets that have been civilly seized be afforded a prompt opportunity to challenge the seizure when the assets are needed to pay counsel in a related criminal case. [citations omitted]

357 F.3d at 409-500.

>The *Melrose* court also found *Monsanto* applicable:

>It is true that *Monsanto* arose in connection with a criminal forfeiture proceeding, but we see no reason why due process should require a different standard of proof when the assets needed to pay an attorney to provide a criminal defense are restrained as part of a related civil forfeiture proceeding.

357 F.3d at 503.

Melrose has been followed in both civil forfeiture proceedings as well as post indictment hearing. *See United States v. Contents of Accounts*, 2010 WL 2556849 *10 (June 8, 2010, W.D. KY.) (Civil forfeiture); *United States v. St. George*, 241 F.Supp. 2d 875, 878 (E.D. Tenn. 2003) (criminal forfeiture). Thus, contrary to the government's unsupported pronouncement, case authority clearly holds that CAFRA does <u>not</u> extinguish a claimant's right to a post-deprivation hearing.

Nor does the government provide any authority for its proposition that a Civil Forfeiture Complaint deprives this Court of equity jurisdiction. The question before this Court is not the *ultimate* forfeitability of the property in question but rather the lawfulness of its *seizure* and the government's authority to continue to retain possession of the property pre-indictment and pre-trial, depriving Movant of his Fifth and Sixth Amendment rights to defend himself with counsel of his choosing. Furthermore, CAFRA does not provide that it is the sole remedy for an aggrieved person to obtain release of seized property.

WHEREFORE, Movant respectfully submits that the government's requested relief in its "Notice" be denied and the government instructed to provide the Court with a proper motion supported by a legal memorandum as required by the Rules with an opportunity for Movant to respond.

Respectfully submitted,

/s/ Douglas P. Roller

Douglas P. Roller, #91287
David B. B. Helfrey, #3367
Helfrey, Neiers & Jones, P.C.
120 South Central Avenue
Suite 1500
St. Louis, MO 63105
Telephone: (314) 725-9100
Facsimile: (314) 725-5754
**Attorneys for Movant Martin Sigillito**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 10, 2010, the foregoing was filed electronically with the Clerk of Court and sent via email and Federal Express Overnight Delivery to the following:

Beth Phillips, U.S. Attorney
Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th St., Fifth Floor
Kansas City, MO 64106
beth.phillips@usdoj.gov

Steven Holtshouser, Assistant U.S. Attorney
Eastern District of Missouri
111 S. 10th St., Rm. 20.333
St. Louis, MO 63102
steven.holtshouser@usdoj.gov

Jess E. Michaelsen
Special Attorney to the
United States Attorney General
Charles Evans Whittaker Courthouse
400 East 9th St., Fifth Floor
Kansas City, MO 64106
jess.michaelsen@usdoj.gov

                                            /s/ Douglas P. Roller